KIEVE LAW OFFICES
  Loren Kieve (Bar No. 56280)
  lk@kievelaw.com
5A Funston Avenue
The Presidio of San Francisco
San Francisco, California  94129-1110
Telephone:     (415) 364-0060
Facsimile:      (435) 304-0060
lk@kievelaw.com

Counsel for plaintiff PHH Mortgage Corporation

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PHH MORTGAGE CORPORATION,<br><br>              Plaintiff,<br><br>       vs.<br><br>BARRETT, DAFFIN, FRAPPIER, TREDER & WEISS, LLP,<br><br>              Defendant. | Civil Action No. 3:15-cv-04711-JD<br><br>AMENDED COMPLAINT<br><br>(For Professional Legal Malpractice, Breach of Contract and Indemnification)<br><br>DEMAND FOR JURY TRIAL |

*Parties*

1. Plaintiff PHH Mortgage Corporation ("PHH") is a New Jersey corporation with its principal place of business in New Jersey.

2. Defendant Barrett, Daffin, Frappier, Treder & Weiss, LLP (the "Barrett firm") is a Texas limited liability partnership licensed by the State Bar of California.

3. The partners of the Barrett firm are Robert E. Weiss, a resident of California, Cris A. Klingerman, a resident of California, Edward A. Treder, a resident of California, Brian Engel, a resident of Texas, James C. Frappier, a resident of Texas, and Steve P. Turner, a resident of Texas.

Complaint                                                                 1

*Jurisdiction*

4. This court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

*Intradistrict Assignment*

5. Venue is proper in this court and division under 28 U.S.C. § 1391(b)(1) and (c)(2) and Civil Local Rule 3-2. The Barrett firm is a foreign limited liability partnership registered with the California Secretary of State and licensed by the State Bar of California. To become a registered limited liability partnership, the Barrett firm filed a completed registration with the California Secretary of State. Cal. Corp. Code §§ 16951-16962. This also required that it designate an "agent for service of process on the limited liability partnership in California in accordance with subdivision (a) of [Cal. Corp. Code] Section 16309." Cal. Corp. Code § 16953(a)(4). It has done so, designating Edward Treder, and subsequently National Registered Agents, Inc. in California, as its agent for service of process.

Fed. R. Civ. P. 17(b) provides that "Capacity to sue or be sued is determined as follows: ... for all other parties, by the law of the state where the court is located."

Under California law, the Barrett firm has the power to sue and be sued in its own name. Cal. Corp. Code. § 15901.05.

28 U.S.C. § 1391(c)(2) provides that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."

Because the Barrett firm is required to appoint and has appointed an agent for service of process in California, of which this Court's designated geographic area is a part, the Barrett firm is subject to this Court's personal jurisdiction, and is therefore "deemed to reside" here. *C.H. Johnson Consulting, Inc. v. Roosevelt Roads Naval Station Lands & Facilities Redevelopment Auth.,* No. 1:12-CV-08759, 2013 WL 5926062, at *7 (N.D. Ill. Nov. 5, 2013) ("("it is generally accepted that unincorporated business associations such as partnerships and limited liability

companies are analogous to corporations for venue purposes"). Because Illinois has more than one judicial district, Defendant is "deemed to reside in any district in [Illinois] within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."); *Peterson v. Nat'l Sec. Techs., LLC,* No. 12-CV-5025-TOR, 2012 WL 3264952, at *2 (E.D. Wash. Aug. 9, 2012):

> NST is registered with the Washington Secretary of State and has appointed a registered agent to accept service of process on its behalf in the State of Washington. Plaintiff served the summons and complaint on NST's registered agent on March 5, 2012. ECF No. 4. Accordingly, NST is subject to this court's personal jurisdiction. Contrary to NST's assertions, 28 U.S.C. § 1391(d) does not apply because NST has expressly consented to personal jurisdiction in Washington by registering with the Secretary of State and appointing a registered agent to accept service of process on its behalf. See *The Rockefeller Univ. v. Ligand Pharm., Inc.,* 581 F.Supp.2d 461, 465, 467 (S.D.N.Y.2008) (holding that venue in the Southern District of New York was proper where corporate defendant had registered to do business with the Secretary of State of New York and appointed a registered agent to accept service of process on its behalf, thereby subjecting itself to personal jurisdiction in the state); see also 19A Charles A. Wright, et al., *Federal Practice & Procedure* § 1391 (2d ed.) (explaining that the "contacts-based [personal jurisdiction] standard was intended to be applied in a district-specific way *only as to corporations not already deemed resident for venue purposes in every district of a multidistrict state based on the statewide contacts of incorporation or licensing*") (italicized emphasis in original). NST's motion to dismiss is denied.

Although the residencies of the Barrett firm's partners are relevant for determining diversity jurisdiction, they are irrelevant to venue. *Dellget v. Wolpoff & Abramson, L.L.P.,* No. CIV.A.07-1024, 2007 WL 4142769, at *2 (E.D. Pa. Nov. 21, 2007) ("For a partnership, the residency analysis (for purposes of venue under 28 U.S.C. § 1391(b)(1)) does not involve the residencies of the individual partners but is in fact identical to the residency analysis for a corporation. See *Doran v. Credit Bureau Associates*, 2000 WL 288326, *2 (E.D.Pa.) (citing cases from other jurisdictions).").

"In a state with multiple districts and in which the defendant is subject to personal jurisdiction, the corporation resides in any district in that state where its contacts are sufficient to subject it to personal jurisdiction if that district were its own state." *Id.,* 2007 WL 4142769 at *2 (citation omitted). See also *PNY Techs., Inc. v. Miller, Kaplan, Arase & Co., LLP*, No. CIV.A. 14-4150 ES, 2015 WL 1399199, at *12 (D.N.J. Mar. 24, 2015) ("partnerships reside in any district in which they are subject to personal jurisdiction for purposes of venue"). The Barrett firm practices

law throughout the State of California, including in the geographical area encompassed within the Northern District of California, which therefore is a proper venue for this action.

*Facts*

6. Plaintiff PHH retained the Barrett firm to represent it in connection with claims and a lawsuit brought against PHH and others by Phillip Linza in the Superior Court of Yuba County, California, Case No. 12-714 (the "Linza action").

7. Mr. Linza alleged various causes of action for alleged servicing issues on PHH's part in connection with a modification of the loan he had taken out for his house in Olivehurst, California.

8. The Linza amended complaint alleged a number of causes of action, including breach of contract, negligence, intentional misrepresentation, negligent misrepresentation, intentional interference with contract, intentional infliction of emotional distress, punitive damages, economic damages, and non-economic damages.

9. The Linza action was filed on July 19, 2012. It went to trial on July 8, 2014.

10. In the two years between when the case was filed and when it was tried, the Barrett firm did not propound a single written discovery request.

11. In the same two year period, the Barrett firm did not notice or take a single deposition.

12. Nor did the Barrett firm file a single dispositive motion or seek to narrow or limit the claims to be tried.

13. The case went to trial on all of the causes of action pleaded in the amended complaint: negligence, intentional misrepresentation, negligent misrepresentation, intentional interference with contract, intentional infliction of emotional distress, punitive damages, economic damages, and non-economic damages.

14. The jury returned multiple verdicts on forms submitted to them as to all causes of action, and a judgment was entered for Mr. Linza based on the verdict forms for $513,902.40 in compensatory damages and $15,700,000 in punitive damages.

15. Following the disastrous jury verdict, PHH retained the law firm of Goodwin Procter LLP ("Goodwin") to review the case.

16. On September 12, 2014, the Goodwin firm filed motions for judgment notwithstanding the verdict ("JNOV") and for a new trial.

17. On September 23, 2014, Goodwin formally was substituted for the Barrett firm as counsel of record for PHH.

18. Based on motion papers filed by Goodwin, the court granted JNOV, finding, in essence, that the plaintiff had improperly recast a breach of contract dispute as various tort claims. Because the plaintiff's claims arose entirely out of the loan modification agreement, the court concluded that plaintiff was not entitled to non-economic or punitive damages.

19. Although the tort claims infected PHH's ability to obtain a fair hearing on the contract claim, the court denied a new trial citing various obvious errors on the part of the Barrett firm:

20. "As noted in the ruling on the motion for JNOV, non-insurance contract breach cases can give rise to tort claims. In this case, before trial, defense counsel did not file a single dispositive motion (i.e. demurrer, motion for summary adjudication, or motion for judgment on the pleadings). Such litigation may have narrowed the issues. Defense counsel failed to object or proffer limiting instructions during trial. Defense counsel did file a motion in limine to preclude evidence of damages for emotional distress, which the Court denied. Then, defense counsel essentially conceded that the claim for intentional infliction could be added because emotional distress damages could be obtained on other theories of the complaint. The Court denies the motion for new trial on this ground."

21. "As to the claim of insufficiency of the evidence to support the 'contract claims,' Defendant argues insufficient evidence of breach, There is no argument by Defendant that the economic damages awarded or any portion thereof are improper as contract damages, In ruling on a motion for new trial based on insufficiency of the evidence, the Court acts as a 13th juror and reweighs all the evidence and may grant a motion for new trial on the stated grounds if ' ... the court is convinced from the entire record, including reasonable inferences therefrom, that the jury clearly should have reached a different verdict.' Code of Civil Procedure section 657. As to the

question of sufficiency of the evidence to support breach of contract or breach of the implied covenant, the Court is not convinced that the jury clearly should have reached a different verdict. Accordingly, the motion is denied on this ground."

22. Because the Barrett firm failed to object or proffer limiting instructions during trial, the jury was left to weigh Linza's contract claims in consideration of tort claims that were rejected by the court as a matter of law.

23. The Barrett firm did not raise the instructional error on the anticipatory breach instruction. As the court ruled, "As to the instructional error, the anticipatory breach instruction provided by Plaintiff's counsel contained a typo, inserting the word 'he' in place of 'it.' Neither counsel nor the Court noticed the error. While it was error to give the instruction, in order to grant the motion, it must have been prejudicial. Here the jury was instructed on breach of contract and could have reached its verdict based on those instructions, A different result is not probable absent the incorrect instruction, The motion for new trial is denied on this ground."

24. In addition to the clear case of professional negligence detailed in the trial court's denial of a new trial, the Barrett firm's failure to propound any written discovery or take any depositions left the lawyers representing PHH clueless as to (a) the plaintiff's own failure to perform under the alleged contract, (b) his alleged interactions with PHH, which PHH contests, (c) his alleged injuries and (d) his litigious past – or that his former employer satisfied a judgment (which included a sizable punitive damages award) shortly before the plaintiff sought a loan modification where he failed to disclose the multi-million dollar judgment from the prior litigation.

25. The Barrett firm's post-trial motion was limited to one narrow issue related to punitive damages, and did not raise any of the arguments successfully asserted by the Goodwin firm. The court's rulings on the post-judgment motions filed by the Goodwin firm are an indictment of the Barrett firm's complete failure to do its job as competent trial counsel:

26. "Defendant did not act other than as an arguably 'bad' party to the loan modification contract. Hence, there is no evidence in this case that would support the existence of a tort duty necessary for a negligence claim."

27. "Clearly, there were errors made by Defendant in demanding monies from Plaintiff inconsistent with the loan modification contract. Plaintiff claims that these misrepresentations constitute fraud. . . . Plaintiff failed to present sufficient evidence to establish the element of reliance."

28. Defendant cannot be liable under this tort theory [intentional interference with contract or "IIED"] for interfering with its own contract."

29. "Defendant argues that the Court erred in allowing the Plaintiff to amend to conform to proof during trial on this claim and that this claim is barred by the statute of limitations. When defense counsel was asked if they had anything to say about Plaintiff's motion to amend to add the IIED cause of action, the response was that they did not because two causes of action already pled sought the same remedy. (3 TR 9: 18-24.) Hence, not only did the defense not advise the court of how they were prejudiced or request a continuance to conduct further discovery, they essentially conceded the matter. Defendant's answer also does not allege a statute of limitations defense and defense counsel never requested leave to amend, so that argument is unavailing. Liberality in allowing an amendment to state a different cause of action arising out of the same facts is not an abuse of discretion in this case. The first amended complaint alleges general damages on causes of action where emotional distress damages could have been awarded."

30. "Defendant also raises the issue as to all the tort theories, that this is strictly a breach of contract case and that even if it is assumed that Defendant intentionally, recklessly, or even maliciously breached the loan modification contract, the law does not permit an independent tort recovery. . . . The evidence here is insufficient to establish outrageous conduct 'so extreme as to exceed all bounds of that usually tolerated in a civilized society.' Defendant made some errors in statements sent to Plaintiff that the evidence shows were due to his loan modification documentation not catching up with his existing loan accounting. The statements attributable to the loss mitigation supervisor were insensitive but not outrageous. . . . This is far from conduct that is intentional or made with reckless disregard that plaintiff would suffer emotional distress."

31. "While there has been some stress associated with this experience, the evidence is not sufficient to establish that it was severe or extreme."

32. "Claims for non-economic damages (i.e. emotional distress, pain, and suffering) and punitive damages are not recoverable on the breach of contract and breach of the implied covenant of good-faith claims. (See Erlich v. Menezes (1999) 21 Cal.4th 543; Civil Code section 3294.) In addition, these damages are not recoverable on tort causes of action as to which the Court has granted the motion for JNOV."

33. "The jury awarded compensatory damages of $513,902.40 on the contract theories which includes past economic damages of $158,902.40 and future economic damages of $55,000. Plaintiff is not required to prove damages with exactness or absolute certainty. The damages awarded must be reasonable and must be proved to a reasonable degree of certainty. They must not be speculative. Defendant's only argument is that they are speculative. The parties do not dispute that there was no evidence presented of future economic damages. The motion for JNOV is granted as to future economic damages."

34. "There is evidence to support the medical portion of past economic damages. There was expert testimony that Plaintiff's credit was damaged, that Plaintiff made hundreds of calls trying to straighten out the erroneous bills, and that Plaintiff earned $30,000 to $45,000 per year in his job. There was evidence that over $50,000 has been added to the mortgage from January 2011 to trial due to non-payment of the mortgage payments, penalties, and interest. There was evidence that Plaintiff put $80,000 down on his house when he bought it and spent $55,000 in the backyard on improvements. He spent $1,200 for the loan modification fee. He spent about 20 hours on the phone to the Department of Corporations regarding his problem with Defendant. When viewed in the light most favorable to Plaintiff, there is substantial evidence to support the verdict."

35. PHH has been damaged by the Barrett firm's professional errors and omissions.

36. It has paid the Barrett firm sums that were completely useless.

37. It has paid the Goodwin firm over $650,000 to rectify the problems caused by the Barrett firm's professional negligence, and is incurring additional fees to appeal the judgment.

38. It has been subjected to a judgment of $158,902.40, together with attorneys' fees and costs of $178,731, both of which are bearing interest.

*Count I – Professional Negligence*

39. PHH repeats the allegations above.

40. By virtue of the attorney-client relationship that existed between PHH and the Barrett firm, the Barrett firm owed PHH a duty of care.

41. In its representation of and provision of legal services to PHH, the Barrett firm and the lawyers representing PHH failed to exercise reasonable care and skill and undertaking to perform such legal services for PHH in violation of their duty to exercise reasonable care and skill in their representation.

42. Had the Barrett firm and the lawyers representing PHH exercised proper care and skill in their representation of PHH, PHH would not have incurred the damages it incurred.

43. As a proximate result of the negligence of the Barrett firm and the lawyers representing PHH, PHH was damaged in an amount to be proven at trial.

*Count II – Breach of Contract*

44. PHH repeats the allegations above.

45. The Barrett firm entered into a Legal Services Agreement with PHH.

46. That Agreement provided that: "2.9 COMPETENT PERFORMANCE. All Services shall be performed in a competent and professional manner by qualified personnel."

47. The Barrett firm and the lawyers representing PHH failed to represent PHH in the Linza action in a competent and professional manner.

48. As a proximate result of the failure of the Barrett firm and the lawyers representing PHH to do so, PHH was damaged in an amount to be proven at trial.

*Count III – Indemnification*

49. PHH repeats the allegations above.

50. Under the Legal Services Agreement, PHH is defined as the "Servicer" and the Barrett firm is defined as the "Firm."

51. The Legal Service Agreement provides that

5.1 INDEMNIFICATION OF SERVICER BY FIRM. Firm does hereby agree to hold

harmless, defend and indemnify Servicer, and each of Servicer's directors, officers, agents

Amended Complaint                                         9                           Civil Action No. 3:15-cv-04711-JD.

acting within the scope of their authority and employees (collectively, the "Servicer Indemnified Parties"), from and against any and all claims, demands, liabilities, losses, costs and damages (including without limitation court costs and reasonable attorney's fees) that the Servicer or the Servicer Indemnified Parties may incur or suffer caused by the following: (a) negligence, gross negligence, or willful misconduct by any of Firm Constituent, affiliate, Third Party Service Provider or other third party engaged or employed by Firm; (b) any and all actions relating to the Services taken by or on behalf of Firm that (i) are not permitted by this Agreement, or (ii) are not within the scope of Firm's duties under this Agreement, or (iii) are not within Firm's actual or implied authority under this Agreement; and (C) any breach of Firm's representations, warranties, obligations or covenants (including the Performance Standards) set forth in this Agreement.

52. The acts and omissions of the Barrett firm and the lawyers representing PHH constitute negligence and are in breach of their representations, warranties and covenants to PHH.

53. As a proximate result of this negligence and these breaches, PHH was damaged in an amount to be proven at trial.

### *Prayer for Relief*

PHH therefore prays for a judgment against Barrett firm as follows:

(a) awarding it the damages, including attorneys' fees and costs and the amount of the Linza judgment, it has incurred;

(b) awarding appropriate pre- and post-judgment interest;

(c) awarding the costs incurred in this litigation, including attorney fees; and

(d) granting such additional relief as may be just under the circumstances.

Dated: January 14, 2016                                     Kieve Law Offices

By *Loren Kieve*

    Loren Kieve (Bar No. 56280)
    lk@kievelaw.com

5A Funston Avenue
The Presidio of San Francisco
San Francisco, California  94129-1110
Telephone:     (415) 364-0060

Amended Complaint                              10                     Civil Action No. 3:15-cv-04711-JD.

| | |
|---|---|
| | Facsimile:     (435) 304-0060 |
| | lk@kievelaw.com |
| | |
| | Counsel for PHH Mortgage Corporation |

### *Jury Demand*

PHH demands a jury trial as to all issues triable to a jury.

*/s/ Loren Kieve*

Loren Kieve
Counsel for PHH Mortgage Corporation